The STATE of Ohio, Appellee,

v.

BARRON, Appellant.

[Cite as *State v. Barron* (2001), 141 Ohio App.3d 600.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2000–CA–91.

Decided March 30, 2001.

*David J. Cusack,* Fairborn Assistant Prosecutor, for appellee.

*William P. Barron, Jr.,* appellant, *pro se.*

FAIN, Judge.

Defendant-appellant William P. Barron, Jr. appeals from his conviction and sentence for resisting arrest. Barron contends that his trial counsel was ineffective, that he did not receive a fair trial because of prosecutorial misconduct, and that there is insufficient evidence in the record to support his conviction. We agree with Barron that there is insufficient evidence in the record to support his

conviction. Accordingly, the judgment of the trial court is reversed, and the defendant is discharged.

## I

Fairborn police officer Paul Livingston was dispatched to Barron's neighborhood on a report of two "junk vehicles." Livingston arrived on the scene between 11:00 a.m. and 12:00 noon. Livingston was in uniform. Livingston began examining the cars, which were outside, with a view to determining who owned them. While Livingston was doing so, Barron saw him, opened a sliding glass door of his residence, and yelled out to ask "what the hell" Livingston was doing. Livingston then inquired of Barron whether these were his vehicles. Barron said that if Livingston did not have a warrant, he was trespassing. Livingston again asked if these were Barron's vehicles, whereupon Barron closed the door.

Livingston ascertained that Barron was the owner of at least one of the vehicles. He was then advised by his dispatcher that a 911 call had been received from the residence. Livingston asked if there was a medical emergency, to which his dispatcher responded that no, the resident there had called in to complain about Livingston's presence on his property. Livingston then called for backup.

Livingston prepared a fifteen–day warning tag for the vehicle. When another police officer arrived on the scene, the two police officers approached the residence and knocked on the door. After an initial interchange that is not material, the following transpired:

"I [Livingston] handed him [Barron] the written warning. He let it drop to the ground. I asked him if he had called 911. He stated yes. I asked him if there was any medical problems here, if he needed a medic or the fire department. He stated, no, he was just calling to complain on me. I inquired again to make sure he understood me, that if he had any medical problems, and he stated that he had asthma. I asked him if he needed a medic for the asthma, and he said, no, he did not need any medical attention at all. With that, I advise [sic] him that he misused 911 and he was under arrest and he needed to step out. He took a step backwards, at which time I reached in and grabbed his right arm. And he pulled me towards him, towards the inside of the apartment, and with his left arm just closed the sliding glass door on me. Officer Eikenberry then opened up the door. We pulled him out onto the pad. There is a concrete slab patio. I advised him once again he was under arrest. He needed to put his hands behind his back. He did not comply. We continued. He forcibly resisted the arrest. With that, we pushed him further out into the grass area and took him down on the ground and continued to fight with him until we took him into custody."

Barron was arrested and charged with resisting arrest, a violation of R.C. 2921.33(A), and with misuse of the 911 system, a violation of Fairborn Codified Ordinance 527.12.

Barron denied that he had resisted arrest. He acknowledged, however, that he had called 911 to complain about Officer Livingston's being on his property. Barron acknowledged that he did not report, during the 911 call, that he was suffering from any kind of medical emergency, or other emergency.

Barron was tried without a jury. Following the trial, the trial court found him not guilty of misuse of the 911 system but guilty of resisting arrest. A judgment of conviction was entered, and Barron was sentenced accordingly. From his conviction and sentence, Barron appeals.

## II

■ Barron filed a *pro se* brief. His assignments of error are somewhat difficult to make out, but we construe his third assignment of error to be as follows:

"The trial court erred when it denied Barron's motion for judgment of acquittal, and also when it entered a judgment of conviction for resisting arrest, because the evidence in the record was insufficient to support that charge."

Officer Livingston purported to arrest Barron on a charge of misuse of the 911 system. Fairborn Ordinance 537.12, which proscribes that offense, is as follows:

"(a) '9-1-1 system' means a system through which individuals can request emergency service using the telephone number 9-1-1.

"(b) No person shall knowingly use the telephone number of the 9-1-1 system to report an emergency if he knows that no emergency exists.

"(c) Whoever violates this section is guilty of a misdemeanor of the fourth degree."

In announcing from the bench its judgment of acquittal on this charge, the trial court concluded that as this ordinance is worded it is not a violation of the ordinance to report something other than an emergency on the 911 system, noting that the ordinance is worded identically to R.C. 4931.49. It is only a violation to report an emergency, when no emergency exists. The trial court opined, and we agree, that the ordinance would be improved by an amendment to include within its prohibition calling the 911 number for any purpose other than reporting a bona fide emergency.[1] However, that is not the way the ordinance is

---

1. We recognize, however, that there is a logical reason for treating a false report of an emergency, which, in addition to tying up a communication line dedicated for emergency use,

worded. The phrase "to report an emergency" presumably modifies the verb "to use." If the defendant uses the 911 telephone number for some other purpose, there is no violation of the ordinance. We realize that it could be argued that the phrase "to report an emergency" was intended as an adjectival phrase modifying the noun "the 9–1–1 system," but besides constituting dubious grammar, that would be redundant, since the "9–1–1 system" is defined in subsection (a) of the ordinance as a system through which individuals can request emergency service. Furthermore, a criminal statute must be construed strictly against the state.

Accordingly, we agree with the trial court that Barron's use of the 911 system to report that a police officer was on his property, even though ill advised, was not a violation of the ordinance.

There is nothing in the record to suggest that Officer Livingston, when he arrested Barron, had any reason to believe that Barron had reported an emergency on the 911 system. To the contrary, it appears that Livingston had been advised, both by his dispatcher and by Barron, that Barron had used the 911 system merely to report that Livingston was on his property. Thus, Livingston had no probable cause to believe that a misdemeanor had occurred.

Barron was charged with resisting arrest, in violation of R.C. 2921.33(A), which provides as follows:

■ "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."

An arrest is not lawful, for purposes of the resisting arrest statute, where an officer has a mistaken belief that the suspect is violating the law, because the arrest is without probable cause. *Columbus v. Henry* (1995), 105 Ohio App.3d 545, 664 N.E.2d 622.

Because there is no evidence in the record from which the trial court could have found that Livingston's arrest of Barron was lawful, an essential element of the offense of resisting arrest with which Barron was charged, his conviction on that charge is not supported by the evidence. Barron's third assignment of error is sustained.

### III

Barron's first and second assignments of error essentially allege prosecutorial misconduct and ineffective assistance of trial counsel, respectively. In view of

also commits personnel to a response appropriate to an emergency, more seriously than the use of the 911 system for purposes other than reporting an emergency, which merely ties up a communication line dedicated for emergency use.

our disposition of his third assignment of error, it is not necessary for us to resolve his other assignments of error, and we overrule them as moot.

## IV

Barron's third assignment of error having been sustained, we reverse the judgment of the trial court and order that Barron be discharged.

*Judgment reversed.*

BROGAN and GRADY, JJ., concur.